BENJAMIN TRIPP, City Treasurer of the City of Providence, *vs.* JAMES C. GOFF.

The act of A. D. 1822, entitled "An act for filling up certain low grounds covered with stagnant water in the compact part of the town of Providence," is unintelligible without reference to its preamble, and, explained by its preamble, applies only to the low grounds in what was the compact part of the town when it was passed.

The operation of an act whose meaning is clear will not be restrained by the preamble, but if the meaning is doubtful the act may be explained by the preamble.

ASSUMPSIT. On demurrer to the declaration.

This action was brought to recover moneys expended by the city of Providence under an "Act for filling up certain low grounds covered with stagnant water in the compact part of the town of Providence," Digest of 1822, p. 480. The first three sections of this act date from A. D. 1797, Schedules General Assembly, May, 1797, pp. 17, 18, and the last three date from A. D. 1817, Schedules General Assembly, October, 1817, pp. 30–32.

*April* 1, 1886. PER CURIAM. This is an action, under a local act, entitled "An act for filling up certain low grounds covered with stagnant water in the compact part of the town of Providence," to recover the amount expended under the act in filling up certain low grounds covered with stagnant water, belonging to the defendant. The act was passed in 1822. It is preceded by a preamble, which is as follows: —

"Whereas it hath been represented unto this assembly, that certain low grounds in the compact part of the town of Providence are covered with stagnant water, to the great prejudice of the inhabitants in the vicinity of such places ; for *remedy whereof:*"

·The body of the act provides, upon information being given

" of any such place or places " to the town council of said town, for the abatement of the evil by the town council, in case the owner neglects to abate it upon notice to do so, and for the recovery of the cost of abatement by the town. The declaration does not allege that the grounds filled are within what was the compact part of the city in 1822, and it is conceded that they are not within it. The declaration is demurred to on the ground that the action does not lie under the act.

It is very clear that the action does not lie unless the act is broader in its scope than the preamble. The act is unintelligible without reference to the preamble, inasmuch as it provides for actions only in regard to any such place or places, clearly meaning any such place or places as are designated in the preamble, and cannot be any wider in scope than the preamble, unless, by the words " such place or places," the intention is to indicate the character of the places only, and not their locality. We do not see any sufficient reason for making this distinction. The act is local. It may well be construed as intended to apply only to evils then existing within a designated locality. According to the preamble, its purpose was to remedy the evils mentioned in the preamble. The operation of an act is not to be restrained by the preamble where the meaning is clear, but where the meaning is ambiguous the preamble may be resorted to, to explain it. Here the preamble not only may be, but must be, resorted to, and we think that the statute must be construed as an act which simply gives a remedy for the evils mentioned in the preamble.

*Demurrer sustained.*

*Nicholas Van Slyck & Stephen A. Cooke, Jun.*, City Solicitors, for plaintiff.

*Benjamin N. Lapham*, for defendant.